IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40537

Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN LAWRENCE DOWDY; JOHN EDWARD HUTCHERSON,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Texas
(C-95-CR-32-1)
_____

March 22, 1996

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

John Lawrence Dowdy and John Edward Hutcherson appeal from

the judgments of conviction for possession with intent to

distribute 330 kilograms of marijuana, aiding and abetting, and

conspiracy to possess with intent to distribute 330 kilograms of

marijuana.

Hutcherson argues that the evidence was insufficient to

support his convictions. The marijuana at issue was found in

front of a load of limes, papayas and produce in a tractor-

_____

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

trailer driven by Dowdy; Hutcherson was a passenger. The evidence showed that Dowdy and Hutcherson shared a close business relationship; Hutcherson alone made the pickups of limes, papayas and produce; the marijuana was not placed in the vehicle by any of the three produce suppliers; Dowdy and Hutcherson left J&D sometime between 10:00 p.m. and 11:00 p.m.; the last purchase of fuel was between 2:00 a.m. and 2:30 a.m. (allowing sufficient time to load the marijuana after their departure from J&D); and Dowdy and Hutcherson appeared very nervous at the checkpoint. The jury heard Dowdy's and Hutcherson's testimony and chose to disbelieve their explanation concerning their lack of knowledge of the presence of marijuana in the trailer, their whereabouts during the time they left J&D and the time that they actually left the Silver Spur, and their visible nervousness. The jury was free to choose among reasonable constructions of the evidence. In addition to his visible nervousness at the checkpoint, Hutcherson's presence with the truck at all times and the time-gap between completion of the loading and their actual departure support the jury's finding that Hutcherson was guilty beyond a reasonable doubt. Construing the evidence in favor of the verdict, there was sufficient evidence to support Hutcherson's conviction on each count of the indictment.

Dowdy and Hutcherson both argue that the district court abused its discretion in instructing the jury that certain factors may be evidence of knowledge. Dowdy specifically challenges the reference to the concept of "nervousness" as

2

additional evidence of guilt.  They contend that the jury instruction lessened the Government's burden of proof and shifted the burden to the defendants in violation of due process.  The challenged portion of the instruction contains no presumption.  It uses the terms "may" and "if any" and is clearly a permissive inference.  The district court did not abuse its discretion in formulating the jury instruction.

AFFIRMED.